UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

A & A SAFETY, INC.,

       Plaintiff,                              Case No. 2:07-cv-029
                                                     JUDGE GREGORY L. FROST

   v.

KEITH SWEARINGEN, ACTING DIRECTOR,
OHIO DEPARTMENT OF TRANSPORTATION,

       Defendant.

**OPINION & ORDER**

This matter is before the Court pursuant to a motion for a temporary restraining order and preliminary injunction filed by Plaintiff A & A Safety, Inc ("Plaintiff") against Defendant Keith Swearingen, Acting Director of Ohio Department of Transportation ("ODOT"). (Doc. # 6.) The Court conducted an informal conference as mandated by S.D. Civ. R. 65.1(a) on January 16, 2007 and later received oral arguments on the motion for a temporary restraining order on January 17, 2007. After considering the pleadings, filings, and arguments of the parties, the Court **DENIES** the motion for a temporary restraining order.

**A. BACKGROUND**

Plaintiff is a non-union Ohio corporation. Plaintiff is in the business of rental and sales of highway construction safety signage, striping and related equitment, subcontracting in connection with highway construction work and related operations. Since 1996, Plaintiff has been certified as a disadvantaged business entity ("DBE") pursuant to Chapter 49 of the Code of Federal Regulations ("C.F.R."), through which ODOT administers this federal DBE program in the State of Ohio. ODOT is an agency of the State of Ohio. On or around February 9, 2006

representatives of ODOT conducted an on-site review of Plaintiff as part of Plaintiff's application for recertification as a DBE. Subsequently, ODOT sent Plaintiff a letter denying Plaintiff's application for recertification. (Exh. # 1.) ODOT advised Plaintiff that it had the right to appeal ODOT's decision within 30 days of its decision and directed Plaintiff on how to properly submit Plaintiff's appeal. *Id.* Plaintiff then gave proper notice of its appeal; Plaintiff exercised its rights pursuant to 49 C.F.R. § 26.87(d)(3) to submit its argument and information in writing in lieu of a hearing. (Exh. # 2.) 49 C.F.R. § 26.87(d) requires an informal hearing. Plaintiff was provided notice prior to the hearing that its appeal would be heard in front of Fitzgerald Murriane ("Murriane"), a qualified representative from the City of Dayton Human Relations Council. Pursuant to 49 C.F.R. § 26.87(e), which requires ODOT to include its method of implementing the "separation of functions" requirement into its DBE program, Murriane is separate and independent from ODOT and did not take part in the actions leading to ODOT's denial of Plaintiff's recertification. By correspondence dated December 8, 2006, Murraine's Report and Determination affirmed the decision reached by ODOT to deny Plaintiff's recerfication as DBE. After a thorough review of the information submitted by both parties, Murriane concluded that "ODOT has sustained its burden of proof pursuant to 49 CFR § 26.87 in its decision not to re-certify and/or remove the DBE certification" from Plaintiff. (Exh. # 12.) ODOT then provided Plaintiff with notice of Plaintiff's right to an administrative appeal to the United States Department of Transportation (USDOT) within 90 days of hearing officer's decision. (Exh. # 12.) ODOT also informed Plaintiff that its decertified status would remain in effect during the pendency of Plaintiff's appeal. *Id*.

Pursuant to 42 U.S.C. § 1983, Plaintiff now alleges that ODOT violated Plaintiff's due process rights under the Fourteenth Amendment. Plaintiff seeks a temporary restraining order

and injunctive relief enjoining ODOT from decertifying Plaintiff as a DBE and requests that any injunction remain in place until ODOT provides Plaintiff with proper due process.

### B. DISCUSSION

#### 1. STANDARD

Plaintiff moves the Court for a temporary restraining order pursuant to Fed. R. Civ. P. 65. (Doc. # 6). "Injunctive relief is an extraordinary remedy whose purpose is to preserve the status quo." *Ewald v. DaimlerChrysler Corp.*, 2002 U.S. Dist. LEXIS 16648, 2-3 (N.D. Ohio 2002). The Court may grant injunctions to effect preventative or protective relief. *Id.*

In determining whether to issue a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure, a court is to consider: 1) whether the movant has shown a strong or substantial likelihood of success on the merits; 2) whether irreparable harm will result without an injunction; 3) whether issuance of a preliminary injunction will result in substantial harm to others; and 4) whether the public interest is advanced by the injunction. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997). The factors are not prerequisites, but are elements that the Court must balance. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427 (6th Cir. 2004). As the party seeking the restraining order, Plaintiff has the burden of persuasion on each of those factors. *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). The degree of proof necessary for each factor used in determining whether to grant a preliminary injunction depends on the strength of plaintiff's case on other factors. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 657 (6th Cir.), *cert. denied*, 519 U.S. 807, 136 L. Ed. 2d 13, 117 S. Ct. 49 (1996). The Court shall address each factor in turn.

#### 2.    EXAMINATION OF ELEMENTS

### a. Likelihood of Success on the Merits

Plaintiff argues ODOT did not afford Plaintiff with process due under the federal constitution when it denied Plaintiff's request for recertification as a DBE.  In order to succeed on this claim, Plaintiff must demonstrate both that Plaintiff had a property interest in being recertified as a DBE, and that the Fourteenth Amendment requires procedural protections beyond those that it received.  *See North American Group, Inc., v. County of Wayne*, No. 95-2268, 1997 WL 34658, at *4 (6th Cir. 1997)**.**  This Court recognizes that a party has a legitimate claim of entitlement for the period in which the party is certified, however, an anticipated certification as a DBE beyond its current certification is "nothing more than an 'unprotected unilateral expectation,' " and therefore is not a protected property interest.  *Armstrong Steel Erectors Inc., v. Ohio Dep't of Transp*., 61 Ohio App. 3d 800, 805, 573 N.E. 2d 1178, 1182 (Ohio App. Ct. 10th Dist.) (quoting *Banks v. Block*, 700 F.2d 292, 296 (6th Cir. 1983)).  Here, we will assume, without deciding, that Plaintiff has "legitimate claim of entitlement" which creates a property interest.  The Court is willingly to make this assumption only because this Court finds that ODOT did not deprive Plaintiff of its due process rights.   Thus, despite Plaintiff's contentions, this Court finds that not only did 49 C.F.R. § 26.87 *et seq.* clearly provide Plaintiff the procedures and guidelines of its decertification proceeding, but ODOT afforded Plaintiff adequate due process procedures in full compliance with the relevant guidelines.

Prior to the hearing officer's review of ODOT's decision to deny Plaintiff's recertification, ODOT informed Plaintiff that ODOT would afford Plaintiff the procedures as required and set forth in 49 C.F.R. § 26.87(d)(3).  (Exh. # 4.)  49 C.F.R. § 26.87(d)(3) provides

ODOT with certain directives and thereby puts Plaintiff on notice of the procedures that ODOT would follow in the proceedings.  In sum, 49 C.F.R. § 26.87(d)(3) requires that ODOT give notice to the entity, informing it of the reasonable cause to remove its eligibility and an opportunity to be heard at an informal hearing.  It gives the entity the chance to submit a written appeal as opposed to appearing at the hearing, but in either case it states that ODOT will bear the burden of proof by a preponderance of the evidence, and requires ODOT to maintain a complete record of the hearing or review.  49 C.F.R. § 26.87(d)(3).  Finally, the hearing must be conducted by an "office and personnel that did not take part in actions leading to or seeking to implement the proposal to remove the firm's eligibility." 49 C.F.R. § 26.87(d)(3).

Here, the evidence shows that ODOT properly complied with the requirements set forth in 49 C.F.R. § 26.87 *et. seq*.  After ODOT conducted an on-site review of Plaintiff as part of Plaintiff's application for recertification as a DBE, it sent Plaintiff a letter explaining why it was denying Plaintiff's application for recertification.  (Exh. # 1.)  ODOT advised Plaintiff that it had the right to appeal ODOT's decision within 30 days of its decision and directed Plaintiff on how to properly submit Plaintiff's appeal.  *Id.*  Plaintiff exercised its rights pursuant to 49 C.F.R. § 26.87(d)(3) to submit its argument and information in writing in lieu of a hearing.  (Exh. # 2.)  Plaintiff was provided notice prior to the hearing that his appeal would be heard in front of Murriane.  Pursaunt to the "separation of functions" requirement of 49 C.F.R. § 26.87(e), Murriane is separate and independent from ODOT and did not take part in actions leading to ODOT's denial of Plaintiff's recertification.  By correspondence dated December 8, 2006, Murraine's Report and Determination affirmed the decision reached by ODOT to deny Plaintiff's recerfication as a DBE.  After a thorough review of the information submitted by both

parties, Murriane concluded that "ODOT has sustained its burden of proof pursuant to 49 CFR § 26.87 in its decision not to re-certify and/or remove the DBE certification" from Plaintiff. (Exh. # 12.) ODOT then provided Plaintiff with notice of Plaintiff's right to an administrative appeal to the USDOT within 90 days of Murriane's decision. (Exh. # 12.) ODOT also informed Plaintiff that its decertified status would remain in effect during the pendency of Plaintiff's appeal. *Id*. Thus, on these facts, this Courts finds that Plaintiff was afforded proper due process and does not a have of likelihood of success on the merits of its claim.

### b. Irreparable Harm

This Court recognizes that as a result of Plaintiff's decertified status, Plaintiff will lose its preferential treatment under the law and will no longer receive DBE contracts. Nevertheless, this Court finds several facts that substantially weaken Plaintiff's irreparable harm argument. First, under 49 C.F.R. § 26.87(k), Plaintiff has the right to appeal the decision of the hearing officer to the USDOT. Despite being notified of its right to an appeal, Plaintiff has failed to exercise this right. This Court, therefore, finds that Plaintiff has failed to pursue an adequate remedy a law. *See Oglesby Construction, Inc., v. Skinner,* Nos. 88-4012*,* 1990 WL 81694, at *5 (6th Cir. 1990) Any argument advanced by Plaintiff that exhaustion of this remedy is futile at this point is merely speculative as Plaintiff has not attempted to pursue this appeal. Moreover, notwithstanding the fact that Plaintiff is no longer certified as a DBE, Plaintiff still is a licensed, lawful business in the State of Ohio, and therefore, still is able to bid on contracts. Thus, any harm suffered by the loss of Plaintiff's DBE status is not irreparable.

### c. Harm to Others

This Court finds that its decision to deny Plaintiff's request for injunctive relief poses no

threat of harm to others. Conversely, a threat of harm only exists if this Court were to improperly grant Plaintiff's request for injunctive relief. Granting Plaintiff's request would harm other bona-fide DBE's who may wish to bid on contracts, but would face competition from Plaintiff even though Plaintiff was properly denied its DBE status after due process.

### d. Public Interest

This Court's denial of Plaintiff's motion serves the public interest. It is in the public interest to ensure that those entities, such as Plaintiff, who have been properly denied recertification as a DBE and given the proper due process, do, in fact, remain uncertified.

### C. CONCLUSION

Thus, for the foregoing reasons, this Court **DENIES** Plaintiff's request for a temporary restraining order and preliminary injunction. (Doc. # 6.)

**IT IS SO ORDERED**.

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE